[Civ. No. 9105. First Appellate District, Division Two.—October 16, 1933.]

LANE MANUFACTURING COMPANY (a Corporation), Appellant, v. RAYMOND GRANITE COMPANY (a Corporation), Respondent.

Treat & Ogden for Appellant.

Bronte M. Aikins and Oliver B. Wyman for Respondent.

NOURSE, P. J.—Plaintiff sued on an express contract for the sale of certain machinery parts for use upon a rotary stone saw and upon an implied contract for freight paid for parts shipped by defendant to plaintiff. The defendant had judgment.

The complaint alleged: "That said machinery or parts of machinery above mentioned were ordered by the defendant for the purpose of replacing the trucks, boxes, glands and axles at that time in use upon the said Parker rotary stone saw. The said defendant agreed to pay for the said machinery so ordered at the time that the old parts which were to be replaced as aforesaid had been repaired and placed back on said Parker rotary stone saw by the said defendant and did represent that said replacement of said parts would be within a period of one (1) year."

On August 18, 1925, these parts were shipped to defendant but were not used until some time in the year 1928. On May 14, 1928, the defendant shipped the old parts to plaintiff, freight charges collect. The plaintiff paid the freight and this amount, added to the invoice price of the new parts, fixes the sum sued for.

In its answer the defendant denied that it had represented to plaintiff that the old parts would be replaced by the new within one year or at any time other than as became necessary in the due course of its business. By way of affirmative defense the defendant pleaded that, prior to the twenty-first day of July, 1925, defendant agreed to purchase from The Parker Rotary Stone Saw Company a certain stone saw equipped with certain parts all according to specified dimensions; that the saw company contracted with the plaintiff for the manufacture of such parts according to such specifications; that the plaintiff manufactured and delivered to defendant such parts; but that, through the carelessness of plaintiff, the parts so manufactured and delivered were defective and not according to the specifications; that

thereafter the defendant installed the saw and for the first time discovered that the parts were not in accordance with the agreement; that, in reliance upon its said contract, the defendant made agreements to deliver a large quantity of cut granite and was compelled to use the defective parts; that defendant complained to the plaintiff of the defective condition of the parts delivered and that the plaintiff thereupon agreed to furnish new parts on the condition that the defendant would return the old parts to plaintiff for alteration to conform to the specifications, and that defendant would pay for the new parts when the old or original ones had been returned to defendant in proper condition. It was then alleged that the old parts were returned to the plaintiff in accordance with this agreement, that the new parts were installed on the saw, but that they were at no time replaced by the old parts. The charge for freight is answered by the allegation that the shipment was made to the plaintiff at its special request.

The trial court, upon evidence which is in some parts conflicting, found in accordance with these pleadings—that the machinery which is the subject of the action was delivered to defendant upon the express understanding that it should be paid for "when the old parts which were so to be replaced as aforesaid had been repaired and placed back on" the stone saw by the defendant; that this time was not reached because the old parts were returned to plaintiff at its own request and were not repaired and placed back on the saw. The findings and judgment are therefore founded strictly on the issues raised in plaintiff's complaint, with the exception that it was there pleaded that the replacement should occur within a period of one year. This latter allegation the trial court found to be untrue and there is no evidence which would support a contrary finding.

The appeal is a simple retrial of the questions of fact tried by the lower court. The questions of law assigned and argued by the appellant are not applicable to the issues alleged in the complaint and before the court. The complaint alleged an express contract which fixed the time of payment dependent upon a certain condition. The trial court found the allegation true and that the fulfillment of the condition was prevented by plaintiff. Upon this the

evidence is not contradictory. The findings support the judgment and are conclusive on this appeal.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 15, 1933.